UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES CATO, JR., | ) | Case No.: 1:14-cv-00564-LJO-SAB (PC) |
| Plaintiff, | )<br>)<br>) | ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS INTENT TO PROCEED ON ONLY ON CLAIM FOUND TO BE COGNIZABLE |
| v. | )<br>) | |
| G. SILVA, et al., | )<br>) | |
| Defendants. | )<br>) | [ECF No. 1] |
| | ) | |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

1  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
2  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally
3  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
4  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

5        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
6  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
7  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
8  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
9  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
10 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
11 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
12 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
13 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The events at issue in the complaint took place at Kern Valley State Prison, and Plaintiff names correctional officers G. Silva and J. Dumont as Defendants.

<u>Defendant Officer G. Silva</u>

On June 20, 2012, Defendant Silva willfully confiscated and destroyed Plaintiff's mail and personal property in violation of Plaintiff's First and Fourteenth Amendment rights.  Defendant Silva's actions served no penological interest in furtherance of the Department of Corrections.

On June 20, 2012, Plaintiff itemized all his personal property neatly in a stack on top of his housing bunk in preparation of rehousing to administrative segregation.  Defendant Silva was working that day in the housing unit and instructed his superior to pack Plaintiff's property for rehousing to administrative segregation.

On June 26, 2012, Plaintiff was released from administrative segregation and returned to the facility housing unit.  Upon review of the contents of his personal property that was packed by

Defendant Silva, Plaintiff found that he was missing numerous mail items along with other personal property.

On July 10, 2012, Defendant Silva was questioned by an investigative employee assigned to gather evidence for his hearing. Defendant Silva admitted removing items from Plaintiff's property stating, "yes, needed space to pack six cubic feet."

On July 12, 2012, Plaintiff confronted Defendant Silva regarding his missing property. Silva again admitted that he did take his property stating, "whatever happens, happens."

On July 23, 2012, Defendant Silva was interviewed by a superior officer and informed him that "all" of Plaintiff's property was inventoried.

<u>Defendant Officer J. Dumont</u>

On July 1, 2012, during medication pick-up, Plaintiff was asked numerous questions by an officer concerning his previous institutional housing. Plaintiff did not have on his eye glasses at the time of the questioning, and later recognized the questioning officer was J. Dumont. Plaintiff recognized his name belonging to a defendant named in his a previous civil rights complaint based on excessive force. When Plaintiff made eye contact with Defendant Dumont, he was openly "smirking" at Plaintiff.

On July 2, 2012, Defendant J. Dumont willfully retaliated against Plaintiff for initiating and maintaining a civil rights lawsuit against him by having Plaintiff removed from general population and placed in administrative segregation where he was subjected to further retaliation by his co-workers. Defendant Dumont's actions were a direct violation of Plaintiff's rights under the First Amendment.

On July 2, 2012, after breakfast two unknown officers went to Plaintiff's cell, handcuffed him, and took him to the program office where he was locked in a cage. Plaintiff was not allowed to pack his property.

Plaintiff was given notice that he was being placed in administrative segregation for investigation into safety concerns involving staff.

On July 10, 2012, a California Department of Corrections and Rehabilitation 128G was issued claiming that Plaintiff was placed in administrative segregation for "investigation into staff safety." A confidential 128B dated July 2, 2012, had been authored by facility staff identifying that if Plaintiff

remained on the facility it would present a threat to the safety and security of staff and inmates. The chrono falsely accused Plaintiff of battering multiple staff at Corcoran State Prison, an institution where Plaintiff was beaten by officer J. Dumont and others on September 5, 2005.

### III.

### DISCUSSION

#### A.     Personal Property

Plaintiff challenges the destruction of his personal property. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that Defendant G. Silva willfully confiscated and destroyed his mail and personal property in direct violation of Plaintiff's first and fourteenth amendment rights. Plaintiff's allegation is an allegation that the deprivation of property was intentional and unauthorized. Thus,

4

Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law. Accordingly, Plaintiff fails to state a cognizable claim for relief against G. Silva.

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on Plaintiff's allegations in the complaint, he states a cognizable claim for retaliation in violation of the First Amendment against Defendant J. Dumont.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant J. Dumont for retaliation in violation of the First Amendment Plaintiff has not sufficiently alleged facts for any other claims against Defendant G. Silva. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendant Dumont, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon

receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Dumont for retaliation; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **July 9, 2014**

_____
UNITED STATES MAGISTRATE JUDGE