UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR.,<br><br>            Plaintiff,<br><br>      v.<br><br>G. SILVA, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-00564-LJO-SAB (PC)<br><br>ORDER IMPOSING ENTRY OF DEFAULT AGAINST DEFENDANT DUMONT<br><br>[ECF Nos. 16, 18] |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 24, 2014, the Court found that Plaintiff stated a cognizable retaliation claim against Defendant Dumont, and all other claims and defendants were dismissed from the action for failure to state a cognizable claim.  (ECF No.

On August 18, 2014, the Court directed the United States Marshal to serve the complaint on Defendant Dumont.  On September 23, 2014, the USM-285 form was returned and service was executed on Defendant on

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Rule 12 of the Federal Rules of Civil Procedure provides, "a defendant must serve an answer within 21 days after

being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).

      Before a request for entry of default will be granted, the court must be satisfied from the request and accompanying documentation that (1) defendant has been served with summons or has agreed to waive service; (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person.  See Fed. R. Civ. P. 55(b)(1); see also First American Bank, N.A. v. United Equity Corp. 89 F.R.D. 81, 86 (D.C.D.C. 1981).

      In this instance, the United States Marshal returned the USM-285 form indicating that Defendant J. Dumont was served by mail on August 22, 2014.  (ECF No. 16.)  Defendant Dumont waived service of the summons in this action on September 19, 2014, and acknowledged that a response to the complaint was due within sixty days after August 22, 2014, i.e. October 21, 2014.  (Id.)   However, to date, no response has been filed by Defendant Dumont.

      On January 20, 2015, in response to order by the Court, Plaintiff filed a request for entry of default against Defendant Dumont.  Because it is clear that Defendant Dumont was properly and successfully served, entry of default is appropriate.  Fed. R. Civ. P. 55(b).

      Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall enter default under Rule 55(a) as to Defendant Dumont; and
2. The Clerk of Court shall electronically serve a copy of this order on counsel for Defendant Dumont, John Walters, Deputy Attorney General at John.Walters@doj.ca.gov.

IT IS SO ORDERED.

Dated:   **January 29, 2015**                                    _____
                                                                                      UNITED STATES MAGISTRATE JUDGE