UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES F. ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. SILVA, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00564-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT, AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT<br><br>[ECF Nos. 19, 22, 24] |

　　　　Plaintiff Charles F. Robertson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 7, 2014. Local Rule 302.

　　　　On January 29, 2015, entry of default was imposed against Defendant Dumont. (ECF Nos. 19, 20.)

　　　　On February 3, 2015, Defendant Dumont filed an answer to the complaint. (ECF No. 21.)

　　　　On February 4, 2015, Defendant Dumont filed a motion to set aside the entry of default. (ECF No. 22.)

　　　　On February 5, 2015, the Court struck Defendant Dumont's answer from the record because the entry of default remained outstanding. (ECF No. 23.) The filing of the answer and order striking said answer appear to have crossed in the mail and/or the Court's electronic docketing system.

　　　　On February 13, 2015, Plaintiff filed a motion for default judgment. (ECF No. 24.)

Once default has been entered against a defendant, the Court may, "[f]or good cause shown … set aside an entry of default. . . ." Fed. R. Civ. P. 55(c).  "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment."  O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).  Therefore, "[w]here timely relief is sought from a default . . .  and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits."  Mendoza, 783 F.2d at 945-946 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).  In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered.  American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

In this instance, Defendant Dumont, through his attorney, filed a waiver of service on September 23, 2014.  (ECF No. 16.)  Counsel for Defendant Dumont presents that he accidentally missed the deadline to file a response to the complaint due to calendar and notice errors.  (Walter Decl. ¶ 4.)  Counsel declares that the error was not noticed until counsel received an email from the court clerk on January 29, 2015, with notice of the entry of default.  (Id. at ¶ 5.)

Within days of learning of the error, counsel filed an answer and the instant motion to set aside default, and his failure to follow through by responding to the complaint after waiving service appears to be the result of excusable neglect.  There is no evidence in the record from which the Court may conclude that Defendant willfully and intentionally failed to comply with the applicable rules.

At issue in this action is whether Defendant Dumont subjected Plaintiff to retaliation, and Defendant disputes this claim and denies that he retaliated against Plaintiff.  Thus, there is a factual dispute between the parties concerning whether Defendant Dumont violated Plaintiff's rights under the First Amendment, and the Court cannot find that Defendant Dumont does not have a meritorious defense.

Finally, resolution of an action on its merits and not default is favored.  Plaintiff has not shown actual prejudice and given that Defendant moved to set aside entry of default less than one week after it was entered, the Court can discern no prejudice to Plaintiff.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), *overruled in part on other grounds by* Egelhoff v. Egelhoff ex. Rel. Breiner, 532 U.S. 141 (2001) ("[t]o be prejudicial, the setting aside of judgment must result in greater harm than simply delaying resolution of the case.")  Plaintiff's motion for default judgment against Defendant Dumont is moot because by this order, the Clerk's entry of default against Defendant Dumont shall be set aside.

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant Dumont's motion to set aside entry of default, filed February 4, 2015, be GRANTED;
2. Plaintiff's motion for default judgment be DENIED as MOOT; and
3. Defendant Dumont be granted the ability to re-file his answer to the complaint, following resolution of the instant recommendation.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 3, 2015**

UNITED STATES MAGISTRATE JUDGE