# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | ) Case No. 1:14-cv-00564-LJO-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RELATING TO EXHAUSTION OF THE ADMINISTRATIVE REMEDIES |
| J. DUMONT, | ) |
| Defendant. | ) [ECF No. 32] |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendant Dumont for retaliation in violation of the First Amendment.

On July 16, 2015, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a), Fed. R. Civ. P. 56(c); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014).  (ECF No. 32.)  Plaintiff filed an opposition on August 3, 2015, and Defendant filed a reply on August 19, 2015.  (ECF Nos. 34, 35.)

///

1

## II.

## DISCUSSION

### A.  Motion for Summary Judgment Standard

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Jones v. Bock, 549 U.S. 199, 216 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  Albino v. Baca, 747 F.3d 1162, 1168-69 (9th Cir. 2014) (en banc).  Following the decision in Albino, Defendants may raise exhaustion deficiencies as an affirmative defense under §1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[1] or (2) a motion for summary judgment under Rule 56 if it has been pled and preserved.  Id.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Any party may move for summary judgment.  The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d

---

[1] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint."  Albino, 747 F.3d at 1169.

1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Unlike a motion for summary judgment on the merits of a plaintiff's claim(s) where a defendant does not bear the burden of proof at trial and in moving for summary judgment, whether the PLRA exhaustion standard has been met is an affirmative defense. Wyatt, 315 F.3d at 1119. Thus, "defendants have the burden of raising and proving the absence of exhaustion." Id. "[T]here can be no 'absence of exhaustion' unless some relief remains 'available,' a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005). Relevant evidence includes "statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case, such as in the response memoranda in these cases. With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs [a] determination of whether relief was, as a practical matter, 'available.'" Id., at 937.

If Defendants meet this initial burden, the burden then shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172, citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 (9th Cir. 1996) ("[T]he burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.")  Plaintiff must meet this burden by showing ". . . more than the mere existence of a scintilla of evidence." In re Oracle Corp., 627 F.3d at 387 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). "However, as required by Jones, the ultimate burden of proof remains with the defendant." Albino, 747 F.3d at 1172.

In judging the evidence at the summary judgment stage, the Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material

fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and, in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B.   Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal

may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

### C.   Allegations of Complaint

On July 1, 2012, during medication pick-up, Plaintiff was asked numerous questions by an officer concerning his previous institutional housing. Plaintiff did not have on his eye glasses at the time of the questioning, and later recognized the questioning officer was J. Dumont. Plaintiff recognized his name belonging to a defendant named in his a previous civil rights complaint based on excessive force. When Plaintiff made eye contact with Defendant Dumont, he was openly "smirking" at Plaintiff.

On July 2, 2012, Defendant J. Dumont willfully retaliated against Plaintiff for initiating and maintaining a civil rights lawsuit against him by having Plaintiff removed from general population and placed in administrative segregation where he was subjected to further retaliation by his co-workers. Defendant Dumont's actions were a direct violation of Plaintiff's rights under the First Amendment.

On July 2, 2012, after breakfast two unknown officers went to Plaintiff's cell, handcuffed him, and took him to the program office where he was locked in a cage. Plaintiff was not allowed to pack his property.

Plaintiff was given notice that he was being placed in administrative segregation for investigation into safety concerns involving staff.

On July 10, 2012, a California Department of Corrections and Rehabilitation 128G was issued claiming that Plaintiff was placed in administrative segregation for "investigation into staff safety." A confidential 128B dated July 2, 2012, had been authored by facility staff identifying that if Plaintiff remained on the facility it would present a threat to the safety and security of staff and inmates. The chrono falsely accused Plaintiff of battering multiple staff at Corcoran State Prison, an institution where Plaintiff was beaten by officer J. Dumont and others on September 5, 2005.

**D.  Statement of Undisputed Facts[2]**

1. Plaintiff was an inmate at Kern Valley State Prison on July 1, 2012.
2. Defendant Dumont was a correctional officer employed at Kern Valley State Prison.
3. On July 1, 2012, Dumont questioned Plaintiff about his housing status.  (ECF No. 1, Compl. at 4.)
4. Plaintiff had previously filed a civil rights lawsuit against Dumont.  (Compl. at 5.)
5. On July 2, 2012, Plaintiff was placed in the Administrative Segregation Unit pending an investigation for safety concerns involving staff.  (Compl. at 5, 17.)
6. On July 2, 2012, Plaintiff received a copy a CDC 114-D Administrative Segregation Unit Placement Notice informing Plaintiff of the reason for his placement.  (Compl. at 5, 17.)
7. On July 10, 2012, Plaintiff participated in an Institutional Classification Committee (ICC) hearing regarding his placement.  (Compl. at 5-6, 19.)
8. Plaintiff alleges that Dumont was one of the staff members who initiated and caused Plaintiff's placement in administrative segregation.
9. Plaintiff alleges that Dumont placed him in administrative segregation to retaliate against Plaintiff for filing a civil rights lawsuit against Dumont.
10. Plaintiff alleges that he submitted a CDCR 602 Inmate/Parolee Appeal regarding this retaliation by placing the appeal in an envelope and handing it to an officer during mail pick-up for mailing to the appeals coordinator's office at Kern Valley State Prison on August 23, 2012.  (Compl. at 8, 28-31.)

---

[2] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendants as undisputed.  Local Rule 56-260(b).  Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint.  Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).  A verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).  However, because Plaintiff's opposition was not verified, it cannot be treated as an opposing affidavit.  Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).

11.  Plaintiff never received any confirmation, response, or contact of any kind from prison staff regarding this appeal. (Compl. at 8.)

12.  Plaintiff had submitted other appeals at Kern Valley State Prison. (Compl. at 8, 21-26.)

13.  Plaintiff submitted an unrelated appeal on June 27, 2012, that was fully exhausted with ongoing responses between prison staff and Plaintiff from June 27, 2012 to January 10, 2013. (Compl. at 8, 21-26.)

**E.  Discussion**

1.  Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on the ground that Plaintiff's claim that he submitted an inmate appeal to an officer collecting mail for delivery to the appeals office is not substantiated because Plaintiff never made an inquiry into the lack of response to the alleged grievance. In addition, Defendant argues that Plaintiff submitted the appeal beyond the statutory deadline regardless of the lack of receive or response.

2.  Plaintiff's Opposition

Plaintiff contends that on August 23, 2012, he submitted a CDCR 602 Inmate Appeal form naming Defendant Dumont as a participant in a systematic retaliation against Plaintiff. Because Plaintiff was in administrative segregation at the time he submitted this appeal he followed "the only submission procedure afforded inmates housed in (ad-seg). Inmates are required to submit all outgoing mail to third watch unit officers for processing and delivery to proper destinations. This is done by placing the outgoing mail through the side of the cell door, or food slot, for unit officers to pick up during nightly inmate count. Plaintiff hereby contends that his 602 appeal was in a state provided u-save'em envelope addressed to the appeals coordinator office and picked up for processing by unit officers." (ECF No. 34, Opp'n at 3-4.) Plaintiff contends he took appropriate steps to exhaust the administrative remedies but was obstructed by prison officials from doing so.

Plaintiff further contends that his inmate appeal was not untimely, as he did not become aware of Defendant Dumont's involvement in Plaintiff's placement in administrative segregation until July 30, 2012, and the grievance submitted on August 23, 2012, was timely.

Lastly, Plaintiff argues that the fact he was able to pursue other appeals while housed at Kern Valley State Prison does not establish that the administrative remedies were available to him at the time he tried to file the appeal relevant to this action.

3. Defendant's Reply

Defendant argues that although Plaintiff contends he submitted an inmate appeal but never received a confirmation or response, he made no attempt to follow-up or inquire as to the status of the appeal despite the fact Plaintiff was familiar with the appeals process.  In any event, Plaintiff submitted the appeal beyond the statutory deadline regardless of the lack of receipt or response.

4. Analysis

It is undisputed that Plaintiff has not received a decision from the Third Level of Review relating to his retaliation claim against Defendant Dumont.  Defendant has therefore carried his burden of demonstrating Plaintiff's failure to exhaust, and the burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Albino, 747 F.3d at 1166.

As previously stated, Plaintiff contends by way of verified complaint and opposition that on August 23, 2012, he submitted "his 602 appeal was in a state provided u-save'em envelope addressed to the appeals coordinator office and picked up for processing by unit officers."  Plaintiff attaches a copy of the 602 appeal to his complaint as well as his opposition, which is dated August 23, 2012 and states the following:

> Staff complaint for systematic retaliation against my person by K.V.S.P. officials.  This is a staff complaint against the following Kern Valley State Prison officials for their retaliation against my person for holding civil litigation against prison staff: Cpt. S. Rimbach, Lt. W. Hammer, Sgt. R. Barrett, CDW E. Blanco, C&PR G. Garcia, Lt. Snow, CCI Cortez (Unit-C1), CCI M. Hernandez, Senior Librarian N. Olson, Librarian R. Tinsley, c/o J. Dumont, c/o G. Silva, c/o D. Grissom, c/o J. Vieth, and c/o J. Spurgeon.  These officials have falsified documents, stolen legal & personal properties, have hindered my access to the courts, thrown food into my cell, and conducted undocumented searches of my living quarters.  Furthermore, these officials have failed to adhere to rules & regulations of CDCR and in doing so have violated my right to due process embedded in the Constitution.

(ECF No. 1, Compl. Ex. F.)

8

Plaintiff indicates that he never received a response to his appeal. Plaintiff submits he took appropriate steps to exhaust the administrative remedies but was obstructed by prison officials from doing so and when "no response was received within the prescribed time limits exhaustion became unavailable." (Opp'n at 4.)

Defendant argues that exhaustion cannot be excused in this case based merely on Plaintiff's allegation that an appeal was submitted and no response was ever received. Defendant argues that "[w]ithout following up on the status [of the appeal} there would be absolutely no paper trail or evidence to prove or disprove the filing," rendering the appeal system meaningless. However, there is no rule or regulation requiring Plaintiff to take further action. Once Plaintiff indicates, under penalty of perjury, that he has done what is required, Defendant cannot defeat Plaintiff's statements simply by contending that he should have done more. See also Cotton v. Cate, No. C 13-3744 WHA (PR), 2015 WL 1246114, *3 (N.D. Cal. 2015) (citing Williams v. Paramo, 775 F.3d 1182, 1192 (9th Cir. 2015). Furthermore, the Court cannot resolve the issue of whether the grievance submitted on August 23, 2012, was timely given the factual disputes by the parties. Accordingly, based on the competing evidence, the Court finds the issue is one of witness credibility and an evidentiary hearing is necessary. Thus, Defendant's motion for summary judgment should be denied, pending an evidentiary hearing.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion for summary judgment be DENIED, pending an evidentiary hearing.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///

///

9

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 20, 2015**

UNITED STATES MAGISTRATE JUDGE