UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>G. SILVA, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00564-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR IMPOSITION OF SANCTIONS<br><br>[ECF No. 50] |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 18, 2016, Plaintiff filed a motion for imposition of sanctions against Defendant Dumont and Deputy Attorney General, John P. Walters. Defendant filed an opposition on April 5, 2016, and Plaintiff did not file a reply. Pursuant to Local Rule 230(*l*), the motion is deemed submitted for review without oral argument.

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or not warranted by the evidence. A party moving for Rule 11 sanctions bear the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833,

837 (9th Cir. 1987).  The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution."  Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

Before filing a motion for sanctions with the court, however, the party must first serve it on the opposing party and allow the opposing party a "safe harbor" of 21 days in which to withdraw or correct the challenged filing.  Fed. R. Civ. P. 11(c)(2); see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003).  The safe harbor provision is mandatory.  Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1152 (9th Cir. 2002).  A party that fails to comply with the safe harbor provision, e.g., by filing a motion for sanctions fewer than 21 days after serving it on the opposing party, is not entitled to sanctions.  Holgate v. Baldwin, 425 F.3d 671, 678-679 (9th Cir. 2005).

In this instance, Rule 11 sanctions are not warranted.  Plaintiff claims that defense counsel knowingly presented false evidence to harass, delay, or increase costs.  (ECF No. 50, at 2.)  Plaintiff claims specifically that the defense falsely alleged that Plaintiff attacked officer Montano in 2005, and was found guilty of the attack-contrary to the truth.  (Id. at 2-4.)  Instead, Plaintiff contends he was convicted in 2006 for attacking officer Avila.  (Id. at 3.)

First, and fatal to Plaintiff's request for sanctions, Plaintiff did not comply with the safe harbor provision of Rule 11.  The certificate of service accompanying his motion for sanctions is dated March 15, 2016.  (ECF No. 50, at 6.)  The motion was filed on March 18, 2016.  (ECF No. 50).  Accordingly, Plaintiff's motion for Rule 11 sanctions must be DENIED as procedurally defective.

In any event, Plaintiff's motion also fails for lack of merit.  Defense counsel submits that although not clearly articulated, it appear Plaintiff alleges the difference in names is important because one of the basis for the defense's summary-judgment motion is that officer Montano was afraid of Plaintiff-a basis which must be false if Plaintiff did not attack officer Montano.  (ECF No. 52, Opp'n at 3.)

Defense counsel submits that the issue consists of a simple mistake in transposing the names of two officers who were both attached in the same incident several years ago.  Although Plaintiff did not directly attack officer Montano, Plaintiff's cellmate did when officer Montano tried to stop Plaintiff's

2

attack on officer Avila. Accordingly, the mistake was only in the name, not the actual events. To compound the issue, counselor Haro's 2012 memorandum regarding the 2005 incident mistakenly transposed the names of officers Montano and Avila in explaining who Plaintiff attacked. The defense in moving for summary judgment relied on Haro's 2012 memorandum. (ECF No. 52-1, Supplemental Declaration of Haro ¶¶ 3-5.)[1] Defense counsel submits that even though the names were mixed up, the effect of the evidence is the same, officer Montano reported to Haro that he didn't feel safe around Plaintiff due to the attack. (ECF No. 52, Opp'n at 3.) Based on the record, there is no basis for sanctions as any misconduct by the defense was due to mere negligence, and Plaintiff's motion for sanctions fails on the merits.

## II.

## ORDER

Based on the foregoing, Plaintiff's motion for Rule 11 sanctions is be DENIED, both as procedurally defective and for lack of merit.

IT IS SO ORDERED.

Dated:   **May 10, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[1] In his supplemental declaration, counselor Haro declares that on September 5, 2005, "[w]hile [Plaintiff] initiated the attack, and Officer Montano was attacked by Stephenson when try to stop [Plaintiff], it appears that [Plaintiff] did not directly assault Officer Montano. Instead, [Plaintiff] was convicted of battery on a peace officer causing serious bodily injury for attacking Officer Avail. Officer Dumont ultimately responded to the incident and restrained [Plaintiff]." (ECF No. 52-1, Supp. Decl. of Haro ¶ 6.)