UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br> Plaintiff, <br><br> v. <br><br> G. SILVA, et al., <br><br> Defendants. | Case No.: 1:14-cv-00564-LJO-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL HISTORY**

This action is proceeding against Defendant Dumont for retaliation in violation of the First Amendment.

On July 16, 2015, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a), Fed. R. Civ. P. 56(c); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014).  (ECF No. 32.)  Plaintiff filed an opposition on August 3, 2015, and Defendant filed a reply on August 19, 2015.  (ECF Nos. 34, 35.)

On November 20, 2015, the undersigned issued a Findings and Recommendation to deny Defendant's motion for summary judgment. (ECF No. 36.)

The Findings and Recommendation was adopted in full on January 6, 2016, and the matter was referred back to the undersigned for an evidentiary hearing on the issue of exhaustion of the administrative remedies. (ECF No. 37.)

In Albino v. Baca, 747 F.3d 1162, 1170-1171 (9th Cir. 2014), the Ninth Circuit held that "[i]f a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.") (citations omitted).

On January 8, 2016, the Court issued an order setting the matter for an evidentiary hearing on the issue of exhaustion of the administrative remedies, and the limited issue to be determined at the hearing is whether Plaintiff submitted an inmate grievance on August 23, 2012, but never received a response. (ECF No. 38.)

On February 16, 2016, the Court held the evidentiary hearing, and Deputy Attorney General, John Walters appeared for Defendant Dumont, and Plaintiff appeared in person pro se. At the hearing, the Court heard testimony by witnesses and took evidence in relation to the issue outlined above.

After the hearing, the Court took the matter under submission for issuance of the instant Findings and Recommendations to resolve whether Plaintiff exhausted the available administrative remedies as to the claims presented in this action.

## II.

## DISCUSSION

**A.     Legal Standard for Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner

and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If Defendants meet this initial burden, the burden then shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172, citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 (9th Cir. 1996) ("[T]he burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.") Plaintiff must meet this burden by showing ". . . more than the mere existence of a scintilla of evidence." In re Oracle Corp., 627 F.3d at 387 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). "However, as required by Jones, the ultimate burden of proof remains with the defendant." Albino, 747 F.3d at 1172.

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or

of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him.  See Albino, 747 F.3d at 1172-1173.  When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable.  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).

**B.     Allegations of Complaint**

On July 1, 2012, during medication pick-up, Plaintiff was asked numerous questions by an officer concerning his previous institutional housing.  Plaintiff did not have on his eye glasses at the time of the questioning, and later recognized the questioning officer was J. Dumont.  Plaintiff recognized his name belonging to a defendant named in his a previous civil rights complaint based on excessive force.  When Plaintiff made eye contact with Defendant Dumont, he was openly "smirking" at Plaintiff.

On July 2, 2012, Defendant J. Dumont willfully retaliated against Plaintiff for initiating and maintaining a civil rights lawsuit against him by having Plaintiff removed from general population and placed in administrative segregation where he was subjected to further retaliation by his co-workers.  Defendant Dumont's actions were a direct violation of Plaintiff's rights under the First Amendment.

On July 2, 2012, after breakfast two unknown officers went to Plaintiff's cell, handcuffed him, and took him to the program office where he was locked in a cage.  Plaintiff was not allowed to pack his property.

Plaintiff was given notice that he was being placed in administrative segregation for investigation into safety concerns involving staff.

On July 10, 2012, a California Department of Corrections and Rehabilitation 128G was issued claiming that Plaintiff was placed in administrative segregation for "investigation into staff safety." A confidential 128B dated July 2, 2012, had been authored by facility staff identifying that if Plaintiff remained on the facility it would present a threat to the safety and security of staff and inmates. The chrono falsely accused Plaintiff of battering multiple staff at Corcoran State Prison, an institution where Plaintiff was beaten by officer J. Dumont and others on September 5, 2005.

**C.     Analysis and Findings on Exhaustion of Administrative Remedies**

As previously stated, the Court conducted an evidentiary hearing on February 16, 2016, to determine whether Plaintiff submitted an inmate grievance on August 23, 2012, but never received a response.

At the evidentiary hearing, exhibits were admitted and Sean James Tallerico and Plaintiff testified as witnesses.

1.     <u>Untimely Filing of Inmate Appeal KVSP-0-12-03133</u>

Plaintiff's retaliation claim is premised on the fact that Defendant Dumont had Plaintiff removed from general population and placed into administrative segregation. (ECF No. 1, at 4.)

In inmate appeal log number KVSP-0-12-03133 (dated August 23, 2012), Plaintiff alleged the following:

> Staff complaint for systematic retaliation against my person by K.V.S.P. officials[.] This is a staff complaint against the following Kern Valley State Prison officials for their retaliation against my person for holding civil litigation against prison staff: Cpt. S. Rimbach, Lt. W. Hammer, Sgt. R. Barett, CDW E. Blanco, C&PR G. Garcia, Lt. Snow. CCI Cortez (unit-C1), CCI M. Hernandez, senior librarian N. Olson, librarian R. Tinsley, c/o J. Dumont, c/o G. Silva, c/o D. Grissom, c/o J. Vieth, and c/o J. Spurgeon. These officials have falsified documents, stolen legal & personal properties, have hindered my access to the courts, thrown food into my cell, and conducted undocumented searches of my living quarters. Furthermore, these officials have failed to adhere to rules & regulations of CDCR and in doing so have violated my right to due process embedded in the constitution.

(Def's Ex. A.)

Plaintiff testified that he was not aware of Defendant Dumont's involvement in his placement in "the hole" until July 30, 2012, when he received a declaration by Dumont in another lawsuit that

5

1  Plaintiff filed in case number 1:10-cv-00793-AWI-MJS (PC), Cato v. Avila, et.al. (RT 29[1]; Pl's Ex.
2  8.) However, on July 8, 2012, Plaintiff filed a letter in case number 1:10-cv-00793-AWI-MJS (PC),
3  Cato v. Avila, et.al., in which Plaintiff sought sanctions and stated that on July 1, 2012, while he was
4  in the medication pill line, he was questioned by Defendant J. Dumont who asked what prisons he had
5  been to and the corresponding years of such placement. (Pl.'s Ex. 3.) Plaintiff noticed Dumont's
6  identification tag and Dumont smirked at him. The following day, July 2, 2012, Plaintiff was placed
7  in "the hole," i.e. administrative segregation. Plaintiff specifically stated, "I believe that Defendant J.
8  Dumont actions were meant to intimate me into dropping my civil action against him[.] I ask the
9  Court to commence witness/victim tampering hearing and issue punitive damages in the amount of
10 $10,000.00 to be paid immediately." (1:10-cv-00793-AWI-MJS (PC), ECF Nos. 63 & 64.) Defendant
11 Dumont filed a declaration in support of an opposition to Plaintiff's July 8, 2012, letter request for
12 sanctions. (1:10-cv-00793-AWI-MJS (PC), ECF No. 66.)
13       An inmate must submit an appeal within thirty calendar days of: (1) the occurrence of the event
14 or decision being appealed; or (2) upon first having knowledge of the action or decision being
15 appealed. Cal. Code Regs. tit. 15, § 3084.8(b) (Dec. 28, 2012). The Court does not find Plaintiff's
16 testimony credible given that Plaintiff was obviously aware of Defendant Dumont's alleged
17 involvement in Plaintiff's placement in administrative segregation on July 8, 2012-when he wrote the
18 letter to the Court, or at a minimum by July 10, 2012-when he had the classification hearing.[2] The
19 lockup order provided to Plaintiff by at least July 10, 2012 specifically stated pending investigation
20 into staff safety concerns. (RT 30-33.) Plaintiff had a placement committee hearing on July 10, 2012,
21 in which it was noted that due to Plaintiff's rules violation report dated September 6, 2005, for battery

---

[1] "RT" refers to the Reporter's Transcript of the February 16, 2016, evidentiary hearing (ECF No. 49).

[2] As previously stated, in Albino the Ninth Circuit held that "[i]f a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 188-190 (1936) (subject-matter jurisdiction); Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1139-1140 (9th Cir. 2004) (venue); Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987) (personal jurisdiction)." Albino, 747 F.3d at 1170-1171. In McNutt, the Court indicated it may "inquire into the facts as they really exist." McNutt, 298 U.S. at 184. In Lake, the Court stated it "has the discretion to take evidence at a preliminary hearing in order to resolve any questions of credibility or fact…." Lake, 817 F.2d at 1420.

on a peace officer and subsequent rules violation for the same offense, Plaintiff presented a threat to the safety and security of staff at KVSP. (Pl.'s Ex. 4.) Plaintiff had sued Defendant Dumont, among others, in case number 1:10-cv-00793-AWI-MJS (PC), <u>Cato v. Avila, et.al.</u>, for the actions in 2005.[3] The fact that Plaintiff labeled Dumont's conduct as intimidation versus retaliation is immaterial as the factual content of Dumont's actions as stated in the July 8, 2012, letter and the instant action are the same. Resolving all factual disputes, even in the light most favorable to Plaintiff, demonstrates that Plaintiff was aware of Defendant Dumont's involvement in his alleged placement in administrative segregation for having filed a lawsuit against him (the factual basis of the instant claim) by July 8, 2012, and certainly no later than July 10, 2012, yet Plaintiff did not file his appeal until August 23, 2012, which is clearly untimely. <u>See, e.g.</u>, <u>Woodford v. Ngo</u>, 548 U.S. 81, 94-95 (2006) (in order to give prison officials a fair opportunity to resolve a complaint, an inmate must bring that complaint in a timely manner to the officials' attention). Thus, any failure to respond to such untimely appeal is immaterial as timeliness is a prerequisite to filing an adequate appeal, and Plaintiff failed to adequately exhaust the administrative remedies, and the action should be dismissed.

        2.        <u>Screening and Receipt of Inmate Appeal KVSP-0-12-03133</u>

Even assuming Plaintiff's inmate appeal log number KVSP-0-12-03133, was timely, the Court does not find Plaintiff's testimony credible that he did not receive the screening response thereto.

Sean James Tallerico, appeals coordinator, at Kern Valley State Prison (KVSP), testified that since 2012 each and every inmate appeal receives a log number and notes are placed into the Inmate Appeals Tracking System (IATS).[4] (RT 7.) The inmate appeals can be searched by inmate name which will generate an appeals listing form. (RT 7-8; Def's Ex. B.) Plaintiff submitted inmate appeal

---

[3] In 2005, Plaintiff was charged with battery on a peace officer in which Defendant Dumont was involved. In case number 1:10-cv-00793-AWI-MJS, Plaintiff alleged that on September 5, 2005, he was ordered out of his cell and when Plaintiff tried to escape from the officer's grasp, he was shot by the tower control officer and tackled by another officer. (1:10-cv-00793-AWI-MJS (PC), ECF No. 95.) Plaintiff alleged that Dumont, among others, were the first to respond to the incident, and they began to punch and hit Plaintiff. (<u>Id.</u>) Plaintiff was knocked semi-unconscious, but Dumont, and others, continued to beat Plaintiff. (<u>Id.</u>) That case was ultimately dismissed with prejudice on March 7, 2014, pursuant to the parties' stipulation. (ECF No. 115.)

[4] The IATS system has a comments section to explain why the appeal was sent back to the inmate. (RT 15.)

KVSP-0-12-03133 dated August 23, 2012, and received on August 27, 2012.[5]  (RT 9.)  The appeal was rejected and returned to Plaintiff on August 28, 2012, for exceeding the filing of one appeal within a fourteen day time period.[6]  (Id.)  Plaintiff re-submitted the appeal again fifty-one (51) days later on October 17, 2012.  (Id.)  The appeal was rejected and returned to Plaintiff on October 18, 2012, because he failed to provide a date of the misconduct.  (Id.)  Plaintiff subsequently tried to re-submit this appeal attached to inmate appeal number 1204223 which was rejected as untimely.  (RT 11.)  Indeed, it was explained to Plaintiff that "he failed to follow instruction on the CDC 695 dated 10/18/12.  You have not provided a date of the alleged misconduct.  Appeal [KVSP]-0-12-03133 was rejected and sent to you on [10]/18.  You now resubmit this appeal on 12/6/2012.  This appeal, as well as RVR appeal has exceeded time.  Make copy of the CDC 695 and explain why time limits are exceeded, ensure these appeals are resubmitted."  (RT 11.)  The appeal was not re-submitted thereafter.  (Id.)

Plaintiff testified that he submitted an inmate appeal on August 23, 2012, but never received a response and therefore proceeded to court.  (RT 39, 42.)   Plaintiff denied that he re-submitted the inmate appeal on October 17, 2012, and claimed he was not even at KVSP at that time.  (RT 42-43.)  If an inmate contends that he submitted an appeal but did not receive a response, Mr. Tallerico testified that the inmate can submit a CDCR 22 form to request the status of their appeal.  (RT 12.)  Prison staff would review the IATS system and provide an adequate response to the inmate.  (Id.)  The inmate could also submit a GA 22, to request an interview as to the status of an inmate appeal.  (Id.)  Plaintiff acknowledged that he was familiar with the inmate appeals process, and had filed and exhausted other appeals.  (RT 28.)  Plaintiff did not inquire into the status of inmate appeal KVSP-0-12-03133, despite his claim that he did not receive a response.  Plaintiff's testimony was rebutted by the fact that on January 17, 2013, while housed at High Desert State Prison Plaintiff filed an inmate

---

[5] Only appeals that are accepted and given a response are retained on file, all screened out or rejected appeals are not kept on file.  (RT 16.)

[6] "An inmate or parolee has the right to file one appeal every 14 calendar days unless the appeal is accepted as an emergency appeal.  The 14 calendar day period shall commence on the day following the appellant's last accepted appeal."  Cal. Code Regs. tit. 15, § 3084.1(f) (Dec. 28, 2012).

appeal challenging the cancellation of appeal log number KVSP-0-12-04223, which concerned incidents that took place at KVSP. (RT 43-46; Def's Ex. F.) Thus, Plaintiff was able to (and did) file inmate appeals concerning incidents at KVSP even if he was not presently housed at such location.

Based on the evidence and testimony presented at the evidentiary hearing, Plaintiff's claim that he did not receive a response to the KVSP-0-12-03133, and did not re-submit the appeal is simply not credible, and Plaintiff failed to exhaust the administrative remedies with respect to his retaliation claim against Defendant Dumont.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies be GRANTED, and this action be DISMISSED for Plaintiff's failure to exhaust the administrative remedies as to the claims presented in this action;

2. Defendants' motion for summary judgment (Doc. No. 48), filed February 25, 2016 (subsequent to the evidentiary hearing) addressing the merits of Plaintiff's claim should be denied as having been rendered moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 13, 2016**

UNITED STATES MAGISTRATE JUDGE